DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3695
   Fax: (510) 637-3724
   E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 20-00073 JST |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| KHIRY LARAY JEFFERSON, | Sentencing Date: November 6, 2020<br>Time: 1:00 p.m.<br>Judge: Hon. Jon S. Tigar. |
| Defendant. | |

## I. INTRODUCTION

Khiry Laray Jefferson (defendant or Jefferson) stands before the Court to be sentenced following his guilty plea to Count One of the Indictment, charging him with being a felon in possession of a ammunition, in violation of 18 U.S.C. § 922(g)(1). Little is disputed, or can be reasonably disputed, in this case. Defendant found defendant in possession of a homemade firearm and ammunition in connection with a separate investigation into a freeway shooting.

The parties reached a plea agreement in this case by which the defendant agreed to a low end Guidelines sentence of 46 months, nearly four years, in exchange for the government recommending the same. The parties understand that the Probation Officer has recommended that the Court impose a four-level enhancement; and both parties have objected to the enhancement. Whether the Court finds the enhancement applicable or not, the United States recommends the sentence the parties agreed to as the sentence the Court should impose, taking all of the sentencing factors of section 3553(a) into account, which as the defense argues should include consideration of defendant's health conditions and the risks in this era of the coronavirus. The Court should also impose three years of supervised release, the expanded search condition and other conditions of supervision recommended, forfeiture of the firearm and ammunition involved in the offense, and a mandatory special assessment of $100. This sentence will bring efficient closure to this case, incarcerate defendant for a substantial period for his crime, and vindicate the goals of sentencing.

## II. OFFENSE CONDUCT (PSR ¶¶ 5-11)

The PSR sets forth the offense conduct in this case. A California Highway Patrol investigation into a highway shooting identified Jefferson as the likely driver of a car from which shots were fired by another passenger at another car chasing them. According to the purported target of the shooting, she was chasing Jefferson after he ran off with gold and silver bars and coins he had agreed to buy from her for $10,000. A search warrant was obtained upon identifying Jefferson's whereabouts, and the subsequent search of the apartment he occupied resulted in the recovery of a homemade firearm, a high capacity magazine and 71 assorted rounds of ammunition.

## III. CRIMINAL HISTORY (PSR ¶¶ 27-38)

The PSR accurately sets forth defendant's criminal history, and this memorandum does not seek

to re-list the convictions and arrests already described in the PSR.  In summary, defendant has been involved in the criminal justice system since the tender age of twelve.  He suffered adult felony convictions in 2009 for Grand Theft from Person (original sentence of 10 months jail with additional jail time for revocation of probation) and 2013 for Assault with a Deadly Weapon, for which he receive a four year prison sentence.

**IV.    SENTENCING GUIDELINES CALCULATIONS.**

The government concurs with the position of defendant that the Guidelines warrant a base offense level of 22 based on the high capacity magazine and defendant's prior crime of violence, and a three point reduction for acceptance of responsibility, resulting in a final offense level of 23.

The parties agree with the PSR's calculation of defendant's criminal history, resulting in a final criminal history score of nine (9) points.  Defendant is criminal history category IV and faces a guidelines sentence of 46 to 57 months.

**V.    SENTENCING RECOMMENDATION**

**A.    Applicable Law**

Section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence.  In this case, these factors indicate that a sentence of 46 months is sufficient, but not greater than necessary, to achieve the goals of sentencing.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, *id.* § 3553(a)(2)(C).

Although the Supreme Court's decision in *Booker* has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing. *Kimbrough v. United States*, 552 U.S. 85, 108, (2007) (internal quotation marks and citation omitted); *see Carty*, 520 F.3d at 991 (en banc); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011).  While there is no presumption of reasonableness for a Guidelines range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at

991-992 (citing *Gall v. United States*, 552 U.S. 38, 50, (2007)); *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. Finally, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing." *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *see, e.g.*, *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010).

### B. Sentencing the Defendant to 46 Months' Imprisonment Will Vindicate the Interests Set Forth in 18 U.S.C. § 3553(a).

Defendant's crime and criminal history necessitate a 46 month sentence, both to assure the safety of the community and to deter defendant from the dangerous acts that he has has perpetrated at moments of his life. Defendant has not learned his lesson from prior state court convictions, and a 46 month federal sentence will result in his longest period of incarceration. Perhaps equally importantly, a 46 month sentence at this phase of his life will result in his incarceration until the age of nearly 34 years old, a critical time in defendant's life by which time one hopes the passage of time will grant him the maturity and wisdom to change the nature of his ways. When defendant is released from prison his son with whom he aspires to have a relationship will be about the same age defendant was when he turned to a life of crime. The child of his significant other is the same age as his own child. Defendant has a relationship with that child, and the government understands that he has provided regular child care for his significant other. Both children can benefit from a relationship with a better version of defendant.

The defense argues that defendant's health circumstances and the imposition of the coronavirus also warrant a sentence of 46 months. The government agrees, but notes that the 46 month sentences, a below guidelines sentence by the count of the Probation Office but not the parties, represents the sentence that is both sufficient and necessary to serve the sentencing objectives of section 3553(a). Anything less, even taking into account the arguably greater burden of prison in the era of the coronavirus, would not be sufficient. As argued by the defense, a 46 month sentence contemplates the coronavirus and its impact on the front end. Because it accounts for it now, absent a substantial change

in circumstances, the goals of section 3553(a) will continue to call for defendant to complete the full length of his sentence. The full sentence recommended will be necessary to achieve the objectives of deterrence, reflecting the seriousness of the offense, and protecting the community from further crimes of the defendant.

A sentence of 46 months also serves the practical benefit of bringing closure to all parties in a case without the need of a trial and the tax on the public resources and potential risks that may be raised by a jury trial while the world grapples with the deadly virus.

The parties' plea agreement also provides for defendant agreeing to a three-year term of supervised release that includes the following expanded search condition:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Given the defendant's criminal history and history of failing to comply with the conditions of his release, the requested condition is necessary to serve the interests of deterrence and rehabilitation. The Court should also impose the other conditions requested by the Probation Officer.

## VI. CONCLUSION

In full consideration of the defendant's history and characteristics, together with the goals of sentencing, the government respectfully requests that the Court sentence the defendant to 46 months in prison, three years of supervised release, the search condition in the parties' agreement, a $100 special assessment, and forfeiture of the firearms and ammunition involved in the offense.

DATED: October 30, 2020                    Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


*/s/ Thomas R. Green*
THOMAS R. GREEN
Assistant United States Attorney